UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAN MICHAEL PANNELL, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:18-CV-0141 |
| § | |
| WELLS FARGO HOME MORTGAGE, *ET AL.*, § | |
| *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the court on the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) of Defendants GS Remodeling, Jose Portillo, and Invum Three, LLC (collectively Invum).[1] Dkt. 30. In response, Plaintiff Pannell filed a Motion to Strike the Motion to Dismiss, a Motion for Default Judgment against the Invum Defendants, and a request for a show cause hearing to find Defendants in criminal contempt. Dkt. 45. The court recommends that Invum's motion be granted and Pannell's motions and request be denied.

### I.  Background

This lawsuit arises out of the foreclosure of Pannell's residence located at 6144 Imogene Street, Houston, Texas. Pannell took out a mortgage for the purchase of his residence from Boehck Mortgage in July 2007 in the amount of $118,150. After a series of transfers, Wells Fargo acquired the note and deed of trust and instituted foreclosure proceedings for non-payment. Invum Three, LLC bought the property at a foreclosure sale on May 2, 2017.[2]

---

[1] The district court has referred this matter to this magistrate judge for report and recommendation. Dkt. 49.

[2] After purchasing the property, Invum filed eviction proceedings, (mistakenly in the name of sister company GS Remodeling), against Pannell in Harris County Justice of the Peace Court. Pannell attempted to remove the eviction proceeding to federal court, but the district court granted Invum's motion to remand. *See GS Remodeling Co. v. Pannell*, Civil Action No. 4:17-cv-1860 (J. Werlein). Pannell then filed for bankruptcy protection, but his case was dismissed on January 16, 2018. *See In re Pannell*, Bkrtcy. Case No. 17-35789 (J. Brown). On February 2, 2018, the Justice of the Peace entered an eviction order granting Invum the right to possession of the property. Pannell appealed the eviction order to the Harris County Court at Law. On March 16, 2018, Pannell removed his appeal of

Pannell's Amended Complaint purports to assert the following causes of action against numerous Defendants: wrongful foreclosure, rescission and restitution (15 U.S.C. § 1635), violation of the Real Estate Settlement Procedures Act (RESPA, 12 U.S.C. § 2605, *et. seq.*), fraudulent concealment, fraudulent misrepresentation, elder abuse, quiet title (28 U.S.C. § 2409a), violation of 42 U.S.C. § 1983, and declaratory and injunctive relief.[3] The Invum Defendants have moved to dismiss all of these claims under Rule 12(b)(6) for failure to state a claim.[4]

## II. Analysis

### A. Invum's Motion to Dismiss Under Rule 12(b)(6)

In reviewing a pleading under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"*Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Gonzalez v. Kay*, 577 F.3d 600, 603 (2009).

---

the eviction order to federal court, where GS Remodeling's motion to remand remains pending in a separate proceeding not before this court. *See GS Remodeling LLC v. Dan M. Pannell,* Civil Action No. 4:18-cv-830 (J. Bennett).

[3] The cover page of Pannell's Amended Complaint mentions 12 U.S.C. § 5565, and criminal mail fraud, wire fraud, and securities fraud statutes, but the body of the document contains no allegations regarding any of these causes of action. The court does not construe the Amended Complaint to assert any such causes of action. To the extent Pannell intended to assert them, he either has no standing because they are criminal statutes or he has failed to state a claim for which relief can be granted.

[4] The district court has dismissed all these claims against numerous other defendants. *See* Dkts. 43 (Harris County Precinct 5), 64 (Keith Wolfshohl), 67 (Wells Fargo defendants), 68 (Amtrust Bank), 71 (BOK Financial).

2

### 1. Pannell's Wrongful Foreclosure Claim

The elements of a wrongful foreclosure claim are: (1) a defect in the proceedings of the foreclosure sale; (2) a grossly inadequate selling price; and (3) a causal connection between the defect in the proceedings and the grossly inadequate selling price. *Pollett v. Aurora Loan Servs.*, 455 Fed. App'x. 413, 415 (5th Cir. 2011); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Thus, to be actionable as a wrongful foreclosure, the foreclosure must have been defective and the defect must have caused the sale of the property at a grossly inadequate selling price. *See Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011); *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1976). "[A] grossly inadequate price would have to be so little as 'to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.'" *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1991) (quoting *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App.—Dallas 1932, no writ)).

Pannell makes no allegations to support any of the elements of a wrongful foreclosure action against these defendants. *See* Dkt. 8 at ¶¶ 6-7. According to the Amended Complaint, Invum initiated eviction proceedings against Pannell. However, the Complaint fails to provide specific allegations that Invum initiated foreclosure proceedings or was responsible for complying with procedural requirements for the foreclosure sale. In addition, Pannell alleges no defect in the foreclosure proceeding itself, but only that the foreclosing party, Wells Fargo, was not a holder in due course. *Id.* Importantly, Pannell also makes no allegations regarding the sale price of the property, or how any defect in the proceeding caused an inadequate sales price.[5] *See*

---

[5] Plaintiff has not pleaded facts to support the element of a grossly inadequate sales price. Invum represents that the property sold for $106,000, which is 68% of the 2017 fair market value assessed by the Harris County Appraisal District. Dkt. 30 at 5. The Fifth Circuit does not advocate the mechanical application of a specific percentage-of-value rule, but typically a sale price is not considered grossly inadequate where the price received in the foreclosure

3

*Vinitski v. Fed. Nat'l Mortg. Ass'n,* Civil Action No. H-14-CV-780, 2014 WL 12600163, at *3 (S.D. Tex. Apr. 28, 2014) (a grossly inadequate sale price is insufficient to maintain a claim for wrongful foreclosure; plaintiff must show that an alleged irregularity with the foreclosure sale proceedings caused, or at least contributed to, the grossly inadequate price). Because allegations in the complaint do not state a plausible wrongful foreclosure claim against these Defendants, Invum's motion to dismiss the wrongful foreclosure claim should be granted.

2. **Pannell's Claims for Rescission and Restitution (15 U.S.C. § 1635)**

Pannell seeks to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635 on grounds that "[a]s of today, Wells Fargo Financial Texas Inc. has not returned the monies paid." Dkt. 8 at ¶ 31. Invum was not a party to the mortgage transaction. Equally important is the fact that the foreclosed property is Pannell's residence. Section §1635(e)(1) expressly states that the statutory right of rescission does not apply to a residential mortgage.

Even if that were not the case, § 1635(f) requires a suit for rescission under the statute to be brought within three years of consummation of the loan transaction. Pannell consummated the loan with Boehck Mortgage on July 16, 2007. He originally filed this lawsuit to rescind the mortgage transaction on January 16, 2018 (he filed his Amended Complaint on January 26, 2018). Thus, Pannell's claims pursuant to 15 U.S.C. § 1635 for rescission of his home mortgage loan transaction and restitution of amounts paid under the loan are outside the prescribed statute of limitations, and Invum's motion to dismiss these claims should be granted.

3. **Pannell's Claims Under RESPA (12 U.S.C. 2605)**

Pannell's Amended Complaint alleges "Defendants failed to give plaintiffs proper notifications as required by law." Dkt. 8 at ¶ 39. Pannell has failed to specify what notifications

---

sale is greater than 60% of the market value of the home. *Blanton*, 918 F.2d at 531,n.7; *Vinitski*, 2014 WL 12600163, at *3 (gathering cases).

4

were required, who was required to give them, or how he was harmed by the lack of proper notice. *See Akintunji v. Chase Home Finance LLC*, Civil Action No. H-11-389, 2011 WL 2470709 *2-3 (S.D. Tex. June 20, 2011). No legal basis exists for asserting this type of claim against Invum, an entity that was not a party to the mortgage loan transaction and was not required to give any notifications to Pannell under RESPA. In addition, a RESPA claim regarding improper notice must be made within three years of the alleged violation, and the mortgage loan transaction at issue here closed more than three years ago. *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) ("The RESPA claim arose under various provisions of 12 U.S.C. § 2605, but regardless of which provision is at issue, '[p]rivate plaintiffs . . . have a three-year limitations period for suits alleging a violation of § 2605.')." Therefore, Invum's motion to dismiss this claim should be granted.

### 4. Pannell's Fraudulent Concealment Claim

Pannell alleges "all defendants concealed that the loan was satisfied in full and had an excess. All additionally failed to order an appraisal defining the true value of the property." Dkt. 8, at ¶ 44. To the extent Pannell intends this allegation as a claim for fraud based on non-disclosure,[6] he must prove the following elements of his claim: (1) a party concealed or failed to disclose to Pannell a material fact within that party's knowledge; (2) the party knew that Pannell was ignorant of the fact and did not have an equal opportunity to discover the truth; (3) the party intended to induce Pannell to take some action by concealing or failing to disclose the fact; and (4) Pannell suffered injury as a result of acting without knowledge of the undisclosed fact. *See*

---

[6] No cause of action exists for "fraudulent concealment." Rather, "fraudulent concealment" is a doctrine that "suspends a limitations period when a defendant has concealed the facts underlying a plaintiff's claim." *Abecassis v. Wyatt,* 902 F. Supp. 2d 881, 897 (S.D. Tex. 2012); *See Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983) (fraudulent concealment is used as an equitable estoppel to the affirmative defense of limitations).
.

5

*Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex. 2001). "As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information. . . . Thus, silence may be equivalent to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent." *Id.* at 755 (internal citation omitted).

Here, there are no factual allegations showing that Invum had a duty to disclose to Pannell anything regarding the satisfaction of the loan or the true value of the property. In addition, there is no allegation that Invum knew Pannell had paid off the loan as he alleges. Indeed, no party could have concealed that "fact" from Pannell, because it is a "fact" within the personal knowledge of Pannell. Invum's motion to dismiss this claim should be granted.

### 5. Pannell's Fraudulent Misrepresentation Claim

"A plaintiff asserting a claim for fraudulent misrepresentation must [allege] the following elements of the tort: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the plaintiff act upon it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Commercial Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 943 (5th Cir. 2018) (citing Texas law).

In addition, Federal Rule of Civil Procedure Rule 9(b) requires plaintiffs to plead "the 'who, what, when, where, and how" of an alleged fraud. *Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 453 (5th Cir.2005). "In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the

place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (citations omitted).

Pannell's Amended Complaint alleges "all defendants misrepresented their rights;" "deliberately misled plaintiffs by asserting fraudulent claims;" "misrepresented that the land is owned by them when in fact it is tribal land;" and "all defendants have bent truth to satisfy their position or intent." Dkt. 8 at ¶¶ 47-51. These allegations fail to meet the pleading standard of Rule 9(b). Pannell has not identified any alleged misrepresentations by Invum, or that he relied to his detriment on any particular misrepresentation by Invum. Invum's motion to dismiss the fraudulent misrepresentation claim should be granted.

### 6. Pannell's Elder Abuse Claim

Pannell alleges Invum acted in a financially abusive manner and "Jose Portillo pushed his way onto the property which he did not hold title as to access the subject property," in violation of the Texas Human Resources Code, chapter 48. Dkt. 8 at ¶¶ 53-54. Chapter 48 is titled "Investigations and Protective Services for Elderly Persons and Persons with Disabilities" and its purpose "is to provide for the authority to investigate the abuse, neglect, or exploitation of an elderly person or person with a disability and to provide protective services to that person." TEX. HUM. RES. CODE § 48.001. This Texas law requires "a person whose knowledge concerning possible abuse, neglect, or exploitation is obtained during the scope of the person's employment or whose professional communications are generally confidential, including an attorney, clergy member, medical practitioner, social worker, employee or member of a board that licenses or certifies a professional, and [a] mental health professional" to report the abuse to the Department of Family and Protective Services. *Id.* at § 48.051(c). Pannell does not allege any facts indicating

7

that Invum has any reporting duty under the statute.[7] Invum's motion to dismiss this claim should be granted.

### 7. Pannell's Claim to Quiet Title

Pannell asserts a cause of action under 28 U.S.C. § 2409a, the Quiet Title Act, in an attempt to "extinguish all claims against the title of the subject property." Dkt. 8 at ¶ 57. Section 2409a is a federal statute providing that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983) ("We hold that Congress intended the QTA to provide the exclusive means by which adverse claimants could challenge the United States' title to real property."). The United States is not a party to this action; and Invum is certainly not the United States Government. Invum's motion to dismiss this claim should be granted.

### 8. Pannell's Section 1983 Claim (42 U.S.C. § 1983)

A claim for violation of civil rights under 42 U.S.C. § 1983 requires proof a claimant has been deprived of a right secured by the Constitutional and laws of the United States by a person acting under color of state law. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Pannell makes no more than conclusory allegations that his rights have been violated. Moreover, the Invum Defendants are private actors, not state actors. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937-39 (1982)(A party qualifies as a state actor if he is a state official, he has acted together with or has obtained significant aid from state officials, or his conduct is otherwise chargeable to the state.) A private party does not become a state actor simply by taking an action

---

[7] In addition, it does not appear that the actions of Portillo described in the Amended Complaint meet the definitions of abuse, exploitation, or neglect under the statute. *See* TEX. HUM. RES. CODE § 48.001.

provided for by state statute. *Id.* Pannell has not, and cannot, allege the Invum Defendants acted under color of state law. Invum's motion to dismiss this claim should be granted.

### 9. Pannell's Claims for Declaratory and Injunctive relief

Pannell's Amended Complaint does not state any cause of action against Invum for which relief may be granted. As a result, Pannell's claims for declaratory and injunctive relief must also be dismissed. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989); *Barcenas*, 2013 WL 286250 at *9 (stating that claims for injunctive and declaratory relief are not independent actions and dismissing such claims when all underlying causes of action are dismissed for failure to state a claim).

### B. Pannell's Motions

Pannell moves for default judgment and to strike Invum's Motion to Dismiss as untimely and not incompliance with Federal Rules. Dkt. 45. The district court denied Pannell's motion for default judgment against these Defendants. Dkt. 63. Pannell has pointed out no specific procedural flaw in Defendants' motion to dismiss and the court has found none, and thus the motion to strike must be denied. Moreover, Pannell's motion for a show cause order and criminal contempt are wholly without merit. The elements of criminal contempt under 18 U.S.C. § 401(3) are: "(1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order." *United States v. Allen*, 587 F.3d 246, 255 (5th Cir. 2009). Defendants have not violated a court order. In any event, the motion for contempt and a show cause hearing is primarily directed at Keith Wolfshohl (*see* Dkt. 45 at 2, 8), whom the district court has dismissed as a defendant in this case. Dkt. 64.

### III.     Conclusion and Recommendations

For the reasons stated above, the court recommends that GS Remodeling, Jose Portillo, and Invum Three, LLC's Motion to Dismiss (Dkt. 30) be **GRANTED,** Plaintiffs' Motions (Dkt. 45) be **DENIED,** and Plaintiffs' claims against these Defendants be dismissed in their entirety with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on June 14, 2018, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge