UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAN MICHAEL PANNELL, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-0141 |
| | § | |
| WELLS FARGO HOME MORTGAGE, *ET AL.*, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the court on the motion to dismiss of "nominal defendants" Rodney Ellis, Jack Morman, Steve Radack, and R. Jack Cagle under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 65. Plaintiff has not filed a timely response. The court recommends that Defendants' motion to dismiss be denied in part and granted in part, and Plaintiff's claims against these Defendants be dismissed with prejudice.[1]

### A. Rule 12(b)(5).

Federal Rule of Civil Procedure 12(b)(5) permits a named defendant to challenge proper service of the summons and complaint. The court is without personal jurisdiction over a defendant unless that defendant has been served in accordance with Federal Rule of Civil Procedure 4. *Hicks v. Dallas Cty. Community Colleges*, Civil Action No. 3:17-CV-809, 2018 WL 2271174 * 3 (N.D. Tex. April 25, 2018). If a defendant raises a Rule 12(b)(5) challenge, it is the plaintiff's burden to prove that service was proper. *Id.*; *Kruger v. Hartsfield*, Civil Action No. 3:17-CV-01220, 2018 WL 2090743 *2 (N.D. Tex. April 13, 2018). Dismissal for failure to effect

---

[1] The district court has referred this matter to this magistrate judge for report and recommendation. Dkt. 49. The district court denied Plaintiff's motion for entry of default judgment against these defendants on April 20, 2018.

timely service of process is within the district court's discretion. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996).

Plaintiff's Amended Complaint does not specify whether he is suing these individuals in their official or individual capacity. The case caption identifies each only as "a nominal defendant." Dkt. 8 at 1. To the extent Plaintiff intends to assert his claims against these individuals, who are Harris County Commissioners, in their official capacities, Federal Rule of Civil Procedure 4(j)(2) and Texas Civil Practice and Remedies Code §17.024(a) require service to be completed on County Judge Ed Emmett.[2] Nothing in the record demonstrates service of the suit on County Judge Emmett.

Furthermore, nothing in the record demonstrates that Plaintiff has perfected personal service on Ellis, Morman, Radack, and Cagle in their individual capacities. Federal Rule of Civil Procedure 4(e) sets forth the permissible methods for service on an individual, which include service in accordance with state law. The returns on file (Dkts. 9-12) indicate that a summons for each individual was left with an employee at Harris County Precinct offices at 1001 Preston Street. This type of process does not comply with Federal Rule 4(e) or Texas Rule of Civil Procedure 106. In addition, there is no evidence that the person accepting service was authorized to do so on behalf of the individual defendants, and there is no evidence that the individual defendants either do not live in Harris County, or could not be found in the County as required for service on an authorized agent under Texas Civil Practice and Remedies Code §17.021(a).

"Pro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). However, the rules governing service of process are applied leniently to pro se litigants. *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344–45 (5th Cir. 2007). Generally, a plaintiff proceeding

---

[2] The district court has dismissed Harris County Precinct 5 as a defendant in this case. Dkt. 43.

*pro se* and *in forma pauperis* who establishes good cause for failing to serve a defendant will be granted an additional opportunity and time to effect service. *Id.* (citing *Rochon v. Dawson,* 828 F.2d 1107, 1109-10 (5th Cir.1987) (dismissal is proper only where failure to effect service is due to the dilatoriness or fault of the plaintiff)); *Furr v. City of Baker*, No. CV 15-426-JWD-EWD, 2017 WL 3496497, at *9 (M.D. La. Aug. 15, 2017). Here, the Plaintiff named individual defendants on each of the summonses, so the defect in service could potentially be attributable to the U.S. Marshal responsible for service of the summons. *See Rochon,* 828 F.2d at 1109-10 (an *in forma pauperis* plaintiff is entitled to rely on the U.S. Marshal's Service to effect service). As a result, the court declines to dismiss Plaintiff's claims pursuant to Rule 12(b)(5), and proceeds instead with an analysis of Defendants' Rule 12(b)(6) motion. *See Hicks v. Dallas Cty. Cmty. Colleges*, No. 3:17-CV-809-D, 2018 WL 2271174, at *3 (N.D. Tex. Apr. 25, 2018) ("Based upon the recommended resolution of the 12(b)(6) motion as discussed below, dismissal without prejudice under Rule 12(b)(5) is unnecessary, and Defendant's motion to dismiss for insufficient service should be denied"), *report and recommendation adopted*, No. 3:17-CV-0809-D, 2018 WL 2267098 (N.D. Tex. May 17, 2018).

### B. Rule 12(b)(6).

When analyzing a pleading under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Gonzalez v. Kay*, 577 F.3d 600, 603 (2009).

Plaintiff represented in a prior motion (Dkt. 27) that he named Ellis, Morman, Radack, and Cagle only as "nominal defendants," and indeed that is how the Defendants are identified in the case caption on his Amended Complaint (Dkt. 8). However, no allegations support the inclusion of these individuals as "nominal defendants," or as defendants in any other capacity. In the usual case, a nominal defendant is a trustee, agent, or depositary. *Flores v. Koster*, Civil No. 3:11-cv-0726, 2013 WL 64704 *2 (N.D. Tex. Jan. 22, 2013). In order to be considered a proper nominal defendant, the party (1) must be in possession of ill-gotten funds; (2) to which it lacks a legitimate claim of ownership. *Id.* Plaintiff's Amended Complaint (Dkt. 8) contains no factual allegations whatsoever regarding the referenced individuals. Nothing in Plaintiff's pleading identifies any allegedly wrongful acts committed by the Commissioners. Referring to them as nominal defendants fails to state a claim or cause of action against them upon which relief may be granted. Thus, Defendants' motion to dismiss pursuant to Rule 12(b)(6) should be granted.

When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002). Leave to amend is futile when an amended complaint could not survive a further Rule Civ. P. 12(b)(6) motion. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). Harris County Commissioners have no connection to Plaintiff's mortgage, foreclosure, or eviction. Given the nature of

4

Plaintiff's claims, his description of Harris County Commissioners as "nominal defendants," and the complete absence of any allegations of conduct that could connect the Commissioners to Plaintiff's claims, the court can conceive of no valid cause of action Plaintiff could assert against them. The court finds that it would be futile to grant Plaintiff leave to amend in this case.

### C. Conclusion and Recommendation

For the reasons stated above, the court recommends that Defendants' motion to dismiss pursuant to Rule 12(b)(5) be **DENIED**, and the motion to dismiss pursuant to Rule 12(b)(6) be **GRANTED,** and Plaintiff's claims against these Defendants be dismissed with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on June 19, 2018, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge